IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY PHILLIPS, | § | |
| | § | No. 100, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1210013272 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: April 7, 2025
Decided: June 16, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     Jeffrey Phillips appeals the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Phillips' opening brief that his appeal is without merit. We agree and affirm.

(2)     In 2014, a Superior Court jury found Phillips guilty of one count of first-degree murder, one count of manslaughter (as a lesser-included offense of first-degree murder), four counts of possession of a firearm during the commission of a felony ("PFDCF"), one count of first-degree conspiracy, one count of first-degree

reckless endangering, one count of gang participation, one count of second-degree assault, and one count of disorderly conduct (as a lesser-included offense of rioting). Following a penalty hearing under Delaware's then-extant death-penalty statute, the jury voted 2-10 in favor of a life sentence, and the State thereafter withdrew its intent to seek the death penalty. On September 4, 2015, the Superior Court sentenced Phillips to life and an additional 76 years in prison. Relevant to this appeal, Phillips was sentenced to two years of incarceration for his gang-participation conviction and to ten years of incarceration for each of his four PFDCF convictions. We affirmed Phillips' convictions and sentence on direct appeal.[1]

(3) In January 2025, Phillips moved for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentences for gang participation and PFDCF were illegally enhanced under *Erlinger v. United States*.[2] The Superior Court denied the motion, finding that *Erlinger* was inapplicable and that Phillips' sentence remained appropriate for the reasons stated at sentencing. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the

---

[1] *Phillips v. State*, 154 A.3d 1146 (Del. 2017).
[2] 602 U.S. 821 (2024).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)  On appeal, Phillips argues that the Superior Court improperly considered his motion for correction of sentence as a motion for sentence modification and asks the Court to remand the matter so that the Superior Court may consider the merits of his motion under Rule 35(a).  Although the Superior Court referenced Rule 35(b) in its order denying Phillips' motion, it also addressed Phillips' motion on its merits and concluded that *Erlinger* does not apply to Phillips' sentence.

(6)  We agree with the Superior Court that *Erlinger* does not apply to Phillips' sentence.  In *Erlinger*, the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for sentencing enhancements under the Armed Career Criminal Act.[6]  Here, Phillips' sentence was not subject to enhancement based on Phillips' prior criminal conduct—indeed, the record reflects

---

[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *Erlinger*, 602 U.S. at 825.

that Phillips did not have a criminal record when he engaged in the conduct that gave rise to his convictions in this case.[7] *Erlinger* therefore does not apply. Having conducted an independent review of Phillips' sentence, we are satisfied that it is legal.[8]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[7] Mot. to Affirm, Ex. C (sentencing transcript).

[8] *See, e.g.*, 11 *Del. C.* § 1447A(a) (classifying PFDCF as a class B felony); *id.* § 616 (b) (classifying gang participation as a class F felony); *id.* § 4205(b) (establishing that the sentencing range for a class B felony is two to twenty-five years of incarceration and that the sentencing range for a class F felony is zero to three years of incarceration).